IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. REIMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JADEN D. REIMAN, APPELLANT.

Filed January 22, 2019.    No. A-17-1258.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Matthew Meyerle for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Appellant, Jaden D. Reiman, pled no contest and was convicted in the district court of Lancaster County of attempted terroristic threats, a Class IV felony, and third degree domestic assault, a Class I misdemeanor. Reiman was ultimately sentenced to a term of imprisonment of 2 years on the felony charge, followed by a 12-month period of postrelease supervision, and to a consecutive term of 1 year's imprisonment on the misdemeanor charge. On appeal, Reiman assigns as error the imposition of excessive sentences and ineffective assistance of trial counsel.

### BACKGROUND

Reiman was originally charged with second degree assault, a Class II felony, and two counts of third degree domestic assault, Class I misdemeanors. Pursuant to a plea agreement, he pled no contest to, and was convicted of, attempted terroristic threats, a Class IV felony, and one count of third degree domestic assault, a Class I misdemeanor. The factual basis for the charges

- 1 -

shows that on two separate occasions, Reiman assaulted the victim with whom he was in an intimate relationship. He also threatened to kill her while holding a pocketknife to her throat.

On October 17, 2017, Reiman was sentenced to consecutive terms of imprisonment of 2 years to 2 years on the felony charge, and 1 year on the misdemeanor charge. On November 29, the district court held a second sentencing hearing, at which it vacated the prior sentence as void. The court then sentenced Reiman to 2 years' imprisonment on the felony charge, followed by a 12-month period of postrelease supervision, together with a consecutive term of 1 year on the misdemeanor charge.

Reiman timely appealed from the conviction and sentence.

ASSIGNMENTS OF ERROR

Reiman asserts that the district court abused its discretion by imposing an excessive sentence. He also contends that he received ineffective assistance of trial counsel in various respects.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within statutory limits absent an abuse of discretion by the trial court. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Cotton*, 299 Neb. 650, 910 N.W.2d 102 (2018). We determine as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentence.*

Reiman was sentenced to 2 years' imprisonment for the Class IV felony conviction of attempted terroristic threats, followed by 12 months' postrelease supervision. He was sentenced to a consecutive term of imprisonment for the Class I misdemeanor of third degree domestic assault. A Class IV felony is punishable by a maximum sentence of 2 years' imprisonment and 12 months' postrelease supervision, a $10,000 fine or both, with no minimum sentence required, however, if imprisonment is imposed a minimum of 9 months' postrelease supervision is required. Neb. Rev. Stat. § 28-105 (2017 Supp.). Neb. Rev. Stat. § 29-2204.02 (Reissue 2016) further requires a court to impose a sentence of probation for a Class IV felony unless, among other things, the court finds that there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community. A Class I misdemeanor is punishable by up to 1 year's imprisonment, a $1,000 fine, or both with no minimum sentence required. Neb. Rev. Stat. § 28-106 (Reissue 2016).

Both of Reiman's sentences were within statutory limits. Nevertheless, Reiman asserts that the sentences were excessive, claiming that the district court failed to give weight to the various mitigating circumstances, including Reiman's rehabilitative needs, general life circumstances, and

willingness to enter a plea of no contest. He points to his young age (22 years old at the time of sentencing), that he has two dependent children, and to the traumatic effect his mother's death had on him. Reiman admits that he has a substance abuse problem that has contributed to his violent behavior, but claims that he is motivated toward rehabilitation.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). Relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018). And generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

The presentence investigation report indicates that Reiman's criminal history is fairly lengthy given his young age. As a juvenile, he was adjudicated for false reporting, third degree assault (twice), unauthorized use of a propelled vehicle, possession of marijuana one ounce or less, and minor in possession. As an adult, Reiman has been convicted of terroristic threats, third degree assault (twice), criminal attempt--obstructing a police officer, assault strike or cause bodily injury, disturbing the peace, possession of a controlled substance, attempted assault, and theft by shoplifting (0 - $500) (twice). Reiman scored in the very high risk to reoffend on the LS/CMI assessment and in the high risk to reoffend on the domestic violence matrix. Reiman underwent a co-occurring evaluation which revealed that he suffers from severe amphetamine use disorder, severe cannabis use disorder, and biopolar disorder.

In sentencing Reiman, the district court stated that it had reviewed the PSI and considered the statutory sentencing factors. The court found that there were substantial and compelling reasons why Reiman could not effectively and safely be supervised in the community on probation. In support of this finding, the court noted that Reiman had failed to comply with the terms of probation in the past, a lesser sentence would depreciate the seriousness of his crimes and promote disrespect for the law, and incarceration was necessary to protect the security of the public, including the victim in this case. The court also found that there was a substantial risk that Reiman would engage in additional criminal conduct during any period of probation, this crime caused or threatened serious injury or harm, and Reiman has a history of criminal activity and disregard for the law.

In our review, we conclude that the district court did not abuse its discretion in imposing sentence and complied with the requirements of § 29-2204.02.

*Ineffective Assistance of Counsel.*

Reiman asserts that trial counsel failed to keep him reasonably informed regarding the status of his case. He asserts that trial counsel only met with him in person on one occasion, which

- 3 -

was insufficient to permit him to make informed decisions regarding his case and the evidence against him. Reiman asserts that the plea offer in this case was presented to him prior to the preliminary hearing, and that he waived his right to a preliminary hearing without a full and fair opportunity to consult with counsel regarding the preliminary hearing, the State's burden, and the evidence at this critical stage of the proceeding. Once arraigned in district court, Reiman asserts that trial counsel never provided him with copies of the discovery obtained pursuant to Neb. Rev. Stat. § 29-1912 (Reissue 2016), and that the failure of trial counsel to provide him discovery material and to review and consult with him regarding the State's evidence prevented him from making knowing, voluntary and intelligent decisions regarding his case. Reiman asserts that counsel's failure to communicate regarding the evidence and discovery inhibited his ability to evaluate defenses and left him no choice but to accept the plea offer. Reiman acknowledges that at the time of the plea hearing, an inquiry was held, and he stated that counsel had discussed with him the facts and defenses in the case. However, Reiman asserts that counsel's failure to consult with him regarding the evidence and discovery material materially prejudiced him by preventing him from evaluating the strengths and weaknesses of the State's case. Reiman further asserts that he was materially prejudiced and denied the effective assistance of counsel when counsel failed to consult with him regarding the alleged evidence against him. Reiman urges this court to find that the record is insufficient to address the merits of his claims on direct appeal because this assigned error rests on communication, or lack thereof, between him and trial counsel which is not set forth in the record.

While the State generally agrees that the record on direct appeal is insufficient to address Reiman's claims that his trial counsel failed to communicate with him in various respects, it submits that some of the allegations of alleged deficient performance are refuted by the record. The State points to Reiman's responses at the plea hearing that he had discussed the plea proceedings with counsel, and that counsel explained to him the charges, his rights, and all of the possible defenses to the charges he may have if there was a trial. Reiman also confirmed that he was satisfied with the job his trial counsel had done, that he felt trial counsel was a competent attorney, and that he had had enough time to discuss the case with trial counsel.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Cotton, supra*. However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. Such a claim may be resolved when the record on direct appeal is sufficient to either affirmatively prove or rebut the merits of the claim. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

When making an ineffective assistance of counsel claim on direct appeal, allegations of prejudice are not required. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). However, a defendant must make specific allegations of the conduct that he or she claims constitutes deficient performance. *Id*. In the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction proceeding, appellate counsel must present a claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided

upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Cotton, supra*. A claim insufficiently stated is no different than a claim not stated at all. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Cotton, supra*. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id*. We will not second-guess trial counsel's reasonable strategic decisions. See *State v. Foster*, 300 Neb. 883, 916 N.W.2d 562 (2018).

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018). The prejudice requirement in a plea context is satisfied if the defendant shows a "reasonable probability" that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*.

Because Reiman's claims that counsel failed to properly communicate with him, provide him with copies of discovery, and review the State's evidence with him are intertwined with his claim that his plea was not knowingly, voluntarily and intelligently made, we conclude that the record on direct appeal is insufficient to review Reiman's claims of ineffective assistance of counsel.

CONCLUSION

We find no abuse of discretion in the sentences imposed upon Reiman. The record on direct appeal is insufficient to review his claims of ineffective assistance of trial counsel.

AFFIRMED.